JACKSON *v.* HARRISON, Comptroller-general, *et al.*

No. 8977. MARCH 3, 1933.

*P. J. Smith* and *A. S. Johnson,* for plaintiff.

*George M. Napier, attorney-general, T. R. Gress* and *W. K. Meadow, assistant attorney-general,* for defendants.

ATKINSON, J. J. F. Jackson instituted an action against William B. Harrison and others composing the Revenue Commission of the State of Georgia, to enjoin collection of a tax under the law imposing taxes on motor-carriers. It was alleged: "The class and kind of transportation handled by your petitioner is personal prop-

erty, . . from house to house, for different persons, in the City of Thomaston, and occasionally beyond the limits of the City of Thomaston, for compensation agreed upon . . . at the time; . . the hauling of lumber, . . and other commodities; . . operating over different roads outside the city limits of Thomaston, to different points within the State of Georgia, moving or transporting household goods over paved and unpaved highways and roads not classed as public highways, commonly called private roads, and never knowing where the termini of said hauling will be until agreement is made for said transportation. . . Your petitioner does not operate on any fixed route or routes, nor to, from, or between any fixed termini, nor upon any fixed schedule or schedules, or make any guarantee as to time of delivery." A general demurrer to the petition was sustained, and the plaintiff excepted.

The act approved March 31, 1931 (Ga. L. Ex. Sess. 1931, pp. 63-75), is in part as follows: "Section 1. The term 'motor-carrier,' as used in this act shall mean all persons, firms, associations or corporations engaged in the business of transporting for hire by motor-vehicle persons or property, or both, on the public highways of this State, whether as common carriers or not. Sec. 2. The following taxes are hereby levied and laid on motor-carriers: . . (D) Carriers of goods for hire, not being common carriers: Those engaged in the carriage of goods for hire, but not being common carriers, shall pay the tax at the same rate and method of calculation and in the same manner as common carriers of goods, except that if such carrier does not operate over a fixed route he may make application and pay in like manner as is prescribed for common carriers of goods engaged in interstate commerce. . . (H) The tax herein laid shall not apply . . (3) To taxicabs or trucks," etc. Subparagraph 3 was repealed, and the following was substituted by section 6 of the motor-carriers tax act approved August 28, 1931 (Ga. L. 1931, pp. 90-94: "3 (A) To trucks of baggage and/or transfer companies which are operated principally within the incorporated limits of cities or towns, but which may in the prosecution of their regular business, not more than an average of once a week in any one quarter, go beyond the limits of the city or town in which they operate, nor in such manner that the major portion of their carriage from a standpoint of mileage is outside of such limits."

1. The provisions of section 1 and section 2(D), supra, are ap-

plicable to the plaintiff in relation to the business conducted by him.

2. Plaintiff does not come within the exemption of such tax as provided in paragraph (H) of section 2 of the act of 1931, as amended by the act approved August 28, 1931, supra.

3. The allegations of the petition were insufficient to raise any question as to the constitutionality of these statutes.

4. It was sought to avoid liability for the tax, on the ground that the plaintiff had previously qualified to conduct his business under the motor-vehicle act approved August, 1929, "with the understanding from the Public-Service Commission that his certificate of public convenience and necessity would be in force for the period of seven years, or so long as petitioner paid to the Comptroller-general the sum of twenty-five dollars per annum, on or before January 1st of each year." This was no valid ground of objection to enforcement of the tax in question.

5. The court did not err in dismissing the action on general demurrer.     *Judgment affirmed. All the Justices concur.*